# William Knoderer, Plff. in Err., *v.* Thomas Merriman.

A will was as follows: "I direct that my real estate (describing it) shall be equally divided, share alike between my lawful children and their heirs, which are as follows: Samuel Merriman, Jr., and his children, Marguerath Knoderer and her children (naming each of testator's children in the same manner). *Held,* that naming the devisees showed that testator intended the word "heirs" in the limited sense of "heirs of the bodies," which at common law would create a fee tail, but, under the Pennsylvania statute, a fee simple; and that the effect of the will was to devise an estate in fee simple to each of testator's children.

(Argued November 9, 1886. Decided November 15, 1886.)

October Term, 1886, No. 218, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas No. 2 of Allegheny County to review a judgment for plaintiff on a case stated. Affirmed.

This action was brought by Thomas Merriman against Wil-

NOTE.—By the act of April 27, 1855 (P. L. 368, § 1), gifts, conveyances, or devises of estates in fee tail are to be taken and construed to be estates in fee simple.

liam Knoderer to recover damages for the breach of the contract for the sale of land by said Merriman to said Knoderer.

The facts were set out in the case stated substantially as follows: Samuel Merriman, deceased, father of the plaintiff, by his last will and testament, dated January 20, 1884, and admitted to probate February 11, 1884, devised, *inter alia,* as follows:

"I direct that my real estate, consisting of a farm in Allepo township, Allegheny county, Pennsylvania, of one hundred and sixty acres, more or less, shall be equally divided, share alike, between my lawful children and their heirs, which arc as follows: Samuel Merriman, Jr., and his children, Marguerath, now Mrs. William Knoderer, and her children, Mary Jane, now Mrs. Ed. Trapp, and her children, Thomas Merriman and his children, Alexander Merriman and his children, Eliza, now Mrs. Seth Hendrick, and her children, and George Merriman and his children."

The parties named in the will made an amicable partition by which a certain tract of land became vested in Thomas Merriman, who entered into possession and shortly thereafter sold a part thereof to the defendant, Knoderer, the purchase price of which was to be payable on execution and delivery of a deed thereof. A deed was duly made and tendered in pursuance of the agreement of sale and the purchase money demanded, but Knoderer refused to accept the deed or pay the purchase money, alleging that the title was defective, and that under the terms of the will of Samuel Merriman, deceased, Thomas had no title, or, at the most, nothing more than a life estate in the lands.

By the case stated if the court should be of the opinion that, under the terms of the will, Thomas Merriman took an estate in fee simple in the purpart of land vested in him under the proceedings in amicable partition, then judgment in the sum of $1,256 and costs to be entered for plaintiff, but if he did not take a title in fee simple of the said lands, then judgment with costs to be entered for defendant, with the right of either party to sue out a writ of error thereon to the supreme court, as in other cases.

The court below, Ewing, J., delivered the following opinion:

"The potential devising clause in the will of Samuel Merriman, Sr., is: 'I direct that my farm (describing it) shall be equally divided, share alike, between my lawful children and their heirs.' This, standing alone, would clearly devise an es-

tate in fee simple to his children as tenants in common. The testator proceeds to designate as follows, 'which are as follows: Samuel Merriman, Jr., and his children, Marguerath Knoderer and her children,' and continuing in the same manner names each of his seven children. How does this designate, control or affect the words of the devise above quoted? . . . It simply names the devisees, but shows that the testator did not intend the word heirs in its general broad sense, but in the limited sense of heirs of the bodies. At common law this would create a fee tail, but under our statute it is a fee simple. Reading the whole will we are satisfied that the testator has devised an estate in fee simple to each of his children. The law is with the plaintiff."

Judgment was entered for plaintiff, and defendant took this writ.

*James S. Young,* for plaintiff in error.—The word children is always one of purchase, and the burden is on him who desires to translate the word "children" into "heirs of the body." "And there must be an express warrant for this change of legitimate meaning under the hand of the author of the gift." "Conjecture, doubt or even equilibrium of apparent intention will not suffice." Guthrie's Appeal, 37 Pa. 14.

*Robb & Fitzsimmons,* for defendant in error.—It is true that the word children is usually regarded as a word of purchase, but this must always give way when the intention clearly indicates that the language is expressive of heirs. Haldeman v. Haldeman, 40 Pa. 29; Williams v. Leech, 28 Pa. 89; Guthrie's Appeal, 37 Pa. 9.

PER CURIAM:

For reasons given in the opinion of the learned judge of the court below, we affirm this case.

Judgment affirmed.